UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FELICIA DEARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-00691-JMS-DML |
| ) | |
| HOSTESS BRANDS, LLC, ) | |
| ) | |
| Defendant. ) | |

## Order on Defendant's Motion to Compel

This is an FMLA case. Plaintiff Felicia Dearman alleges that during her employment by Hostess Brands, LLC, she had been approved for intermittent leave under the FMLA and despite having complied with notification requirements for taking that leave, Hostess Brands terminated her employment in July 2016 on the purported ground she had not properly notified Hostess of certain FMLA leave during a particular week. Hostess Brands denies that Ms. Dearman complied with the company's rules regarding absences from work and states that it properly terminated her employment for failing to follow those rules.

Before the court is a motion by Hostess Brands to compel Ms. Dearman to supplement her discovery responses and to pay the defendant's expenses in completing her deposition based on the new documents. It also seeks attorneys' fees for filing the motion to compel. As addressed below, the court finds that Ms. Dearman has not demonstrated her full compliance with discovery obligations and she must conduct additional searches for responsive documents and provide them to

the defendant. Hostess has not shown at this time, however, that additional deposition testimony is reasonably necessary. Further, even if reasonably necessary, based on the nature of the potential outstanding discovery and the breadth of information Hostess already had at the time it took the deposition, additional deposition testimony could be accomplished remotely. The court denies Hostess's request that Ms. Dearman pay attorneys' fees and expenses (including travel costs) for Hostess to continue her deposition and for its counsel to travel from Kansas City, Missouri to take it. The court does not prevent Hostess from scheduling another deposition of Ms. Dearman but Hostess must bear its own fees and costs to take such a deposition. Any such deposition must be conducted by **January 22, 2018.** The court extends the fact discovery deadline for this purpose only. Because of the necessity to extend discovery for Hostess to receive any new documents and to take a deposition, the court also extends the dispositive motion deadline. It is extended from January 22, 2018, to **February 22, 2018.**

## Background

Defendant Hostess Brands, LLC served interrogatories and document requests in May 2017,[1] and the plaintiff served her written responses on July 21, 2017. Hostess Brands then sent a deficiency letter to the plaintiff on August 7, 2017. Although the plaintiff promised to provide some additional information, by

---

[1] The discovery was mailed on May 8, 2017, but it is not clear when the parties conducted their Rule 26(f) conference. *See* Rule 26(d)(1) (discovery may not be sought before parties have conferred as required by Rule 26(f)). Their conference must have occurred before the initial pretrial conference on May 22, 2017, and thus the discovery could be deemed to have been served by that date.

late August it had not been provided and the plaintiff's deposition was scheduled for late September. The court conducted a discovery conference by telephone on September 7, 2017, and ordered the plaintiff to serve supplemental discovery responses by September 14. She served amended interrogatory answers by that deadline, but apparently did not provide any new documents in response to the discovery requests.

At her deposition held September 22, 2017, it was apparent that the plaintiff had not engaged in diligent efforts in searching for and producing documents. She had, however, earlier provided the defendant with document release authorization forms, or offered to provide them, so that the defendant could obtain various documents for itself. Those included forms to obtain documents from (1) the IRS for tax return information and documentation, (2) Indiana Workforce Development for unemployment benefits information, (3) medical providers at Ortho Indy and St. Vincent, and (4) entities that employed Ms. Dearman after her employment with Hostess Brands. Further, some of the documents that Ms. Dearman had not made a diligent search for are ones that Hostess itself has in its own possession—its own employment records relating to Ms. Dearman.

After Ms. Dearman's deposition, Hostess Brands continued to seek her cooperation (1) to make a diligent search of her own documents and electronic sources and produce those that fall within document requests and (2) to update her interrogatory answer regarding medical providers and to provide an additional release authorization for medical providers she recalled during her deposition. Ms.

Dearman did not respond to those requests, and the court allowed Hostess Brands to file a motion to compel without more efforts by it to resolve these issues with the plaintiff.

The court now addresses the specific discovery requests for which Hostess Brands seeks an order compelling discovery.

### **Interrogatories**

Hostess asked Ms. Dearman to identify every healthcare provider she has seen at any time from January 1, 2013, to the present. Ms. Dearman did not fully answer that interrogatory, and identified only (1) the healthcare providers who treated or examined her with respect to the FMLA intermittent leave that had been approved and for which she claims to have properly taken leave and (2) a healthcare provider who treated her after her employment with Hostess had ended but whose treatment is related to a damages claim she is making in this case.[2] Ms. Dearman did not object to providing information about other healthcare providers, but apparently interpreted the interrogatory (and a related document request) to refer only to healthcare providers for her intermittent leave under the FMLA and post-employment treatment.

Hostess states that Ms. Dearman identified two other healthcare providers during her deposition, and it seeks (1) a supplemental answer confirming that Ms.

---

[2] Ms. Dearman's interrogatory answers state that Hostess's alleged wrongful termination caused a delay in medical treatment because she was left without health insurance for a period of time. As the court understands it, Ms. Dearman has provided medical release authorization(s) related to this treatment.

4

Dearman has identified every healthcare provider she has seen since January 1, 2013, and (2) medical release authorizations for all such healthcare providers. Ms. Dearman states that she has given release authorizations for the providers who rendered the care/treatment after her FMLA leave was approved and care/treatment related to damages in this case, and that more should not be required. Hostess does not explain how other health care treatment is possibly relevant. It relies on waiver, arguing that Ms. Dearman waived any objection to disclosing other health care providers and their records. Because of the sensitivity of medical records and the fact Ms. Dearman fully disclosed those providers whose care relates to the leave she took but for which she was fired, the court determines there is good cause for excusing Ms. Dearman's failure to make clear her objection to producing medical information not related to the care/treatment for which her FMLA leave was granted. The court does not find that Ms. Dearman waived a right to object to producing such medical information.

      The court will not require Ms. Dearman to provide more information regarding other health care providers without some persuasive explanation of its relevancy to the case. Discovery must be proportional to the needs of a case, and it is improper for a party to make broad requests for another's medical information—and to continue to insist that the information be provided—when the party has not articulated a good reason for the disclosure of that information.

## Document Requests

### Documents Related to Employment by Hostess

Ms. Dearman admitted in her deposition that she had not searched her email account (and apparently other sources of documents) for anything related to her employment with the defendant. Apparently after her deposition, Ms. Dearman looked through her email account and sent some documents to her counsel. Her counsel did not turn them over to Hostess until December 11 (about 10 weeks after he apparently received them), when he says he realized he had them. According to counsel, the emails were somehow electronically misfiled and he did not realize he had them until preparing his response to the motion to compel. Those documents have now been produced, but Hostess does not know whether Ms. Dearman conducted a proper and comprehensive search. The court agrees with Hostess that it is appropriate to ensure that Ms. Dearman does conduct a proper search and the court orders her to do so. Ms. Dearman is ORDERED to conduct a comprehensive search of her documents emails and to produce all documents and emails (except those with counsel) that relate in any way to (1) Hostess; (2) Hostess employees or former employees; (3) FMLA leave; and (4) job searches after employment with Hostess.

### Social Media Documents

Ms. Dearman did not search her Facebook account for responsive information. She claims she never discussed Hostess on Facebook and deleted the account at some point before filing the lawsuit and, therefore, there was nothing to

produce from a Facebook account. She also did not search a LinkedIn account, which may contain information about job searches subsequent to her employment with Hostess. Ms. Dearman's memory that she never discussed Hostess on Facebook is not a sufficient excuse for failing to carefully examine her Facebook account for responsive information. (According to Hostess and not challenged by Ms. Dearman, a "deleted" or inactive Facebook account can still be accessed and searched by the Facebook user.) She must also review her LinkedIn pages for information relating to efforts to obtain employment. Hostess requests that she be compelled to make a diligent search; that's a reasonable request. Ms. Dearman is ORDERED to make a diligent search for and produce (1) all Facebook postings or entries relating to dates on which she was absent from work in 2016 and (2) all LinkedIn pages relating in any way to her efforts to locate employment after her employment with Hostess. The responsive documents must be produced by **January 5, 2018.**

<u>Documents Related to Unemployment/Department of Labor</u>

Ms. Dearman did not conduct searches for documents (including electronic documents and emails) from or to the Indiana Workforce Development related to her job searches or for documents to and from the Department of Labor. She did provide a single email exchange with the Department of Labor and offered to provide (and may have actually provided) a release authorization for the defendant to obtain documents from Workforce Development. But because her deposition testimony was clear that she had not made a good faith effort to search for and

retrieve documents in these categories, the court will order her to do so now. Ms. Dearman is ORDERED to make a good faith search for all documents in connection with her unemployment benefits (including job search documentation) and for all communications with the Department of Labor and with Aaron Loomis and to produce those documents by **January 5, 2018.**

### Tax Returns/Pay Roll Records

Although Ms. Dearman provided an authorization for Hostess to obtain tax information from the IRS and provided authorizations for (or had no objection for Hostess to obtain) payroll records from subsequent employers, she must search her own records for payroll/compensation information for her later employers and produce those no later than **January 5, 2018.** She is not required to produce payroll information from her employment with Hostess. Hostess's own access to that information and Ms. Dearman's IRS authorization form is sufficient discovery with respect to Ms. Dearman's work for Hostess.

### Cell Phone Records

Hostess requested cell phone records in its document requests. These records are important because they may show the dates and times that Ms. Dearman called Hostess to report her absences. Ms. Dearman turned over the cell phone she had used at the relevant time during her employment by Hostess, but she did nothing to try to obtain the 2016 billing records from her carrier (AT&T). For various reasons, Hostess's expert was unable to extract data from the cell phone, and Hostess has asked Ms. Dearman (over and over again) to print out her billing records from the

8

AT&T website.  She has never done so, even though she had agreed to do that as early as mid-August 2017.  There is no good excuse for Ms. Dearman to continue to fail to print out her cell phone call records.  Ms. Dearman is ORDERED to access her AT&T cell phone records on-line and to print all available call records for the period January to July, 2016. She must produce these documents by **January 5, 2018.**

### Fees for Filing the Motion to Compel

The court has in large part, though not fully, granted Hostess's motion to compel.  Ms. Dearman's failure to conduct thorough searches for documents before her deposition (and perhaps to date) was not justified and is not excused by her counsel's apparent instruction to her that she "give him everything."  That kind of an instruction from a lawyer is not good enough to ensure that the client understands her discovery obligations.  And it obviously failed here.  The court finds that an award of some of the costs incurred by Hostess in making its motion to compel is appropriate under Rule 37(a)(5).  Based on its review of the parties' briefing and the fact that Hostess was partially but not wholly successful in its motion, the court awards Hostess attorneys' fees in the amount of $750.00, payable by Ms. Dearman.

### Conclusion

Hostess's motion to compel (Dkt. 37) is GRANTED IN PART AND DENIED IN PART as provided in this order.  Ms. Dearman must conduct the required searches and produce the responsive documents by **January 5, 2018.**  Hostess may

9

re-open Ms. Dearman's deposition based on new documents and must complete that deposition by **January 22, 2018.** The dispositive motions deadline is extended to **February 22, 2018.** Hostess is awarded $750.00 for attorneys' fees in bringing the motion to compel.

    So ORDERED.

Dated:  December 22, 2017

                                                Debra McVicker Lynch
                                                United States Magistrate Judge
                                                Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system