UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FELICIA DEARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00691-JMS-DLP |
| | ) | |
| HOSTESS BRANDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for failure to prosecute
and for failure to comply with the Court's orders. [Filing No. 58.] For the reasons described
herein, the Court **GRANTS** Defendant's Motion and concludes that Plaintiff Felicia Dearman's
Complaint must be dismissed with prejudice.

**I.**

**BACKGROUND**

On March 8, 2017, Ms. Dearman filed her Complaint in this Court, alleging a claim
pursuant to the Family and Medical Leave Act of 1993, (the "FMLA"). [Filing No. 1.] Ms.
Dearman's Complaint invoked this Court's federal question jurisdiction, alleging that Defendant
Hostess Brands, LLC, ("Hostess") violated the FMLA by terminating her employment in
retaliation for requesting and taking FMLA leave, or, in the alternative, by failing to give her leave
to which she was entitled under FMLA. [Filing No. 1 at 2-3]; *see* 29 U.S.C. § 2615. Throughout
the subsequent discovery process, Hostess sent several emails to Ms. Dearman's counsel and
ultimately filed several motions with this Court alleging that Ms. Dearman's responses to Hostess'
discovery requests were inadequate.

## A. Hostess' First Set of Interrogatories and Document Requests

In May 2017, discovery in the case commenced, beginning with Hostess serving written discovery requests on Ms. Dearman, and Ms. Dearman responding on July 21, 2017. [Filing No. 37-1; Filing No. 37-2.] On August 7, 2017, Hostess sent a letter to Ms. Dearman's counsel alleging that her responses to Hostess' first set of interrogatories and document requests were deficient, and requesting that Ms. Dearman respond to Hostess by August 16, 2017. [Filing No. 37-3.] Hostess specifically highlighted Ms. Dearman's allegations that Hostess' request for the production of her bills and cell phone records were irrelevant, and requested a response on the matter within two days. [Filing No. 37-3 at 5.]

On August 16, 2017, Hostess contacted Ms. Dearman to determine whether she would "be providing responses to the . . . issues" that Hostess raised in its August 7, 2017 letter. [Filing No. 37-4.] Hostess again highlighted the issue of Ms. Dearman's phone bills and call records, and requested an update on Ms. Dearman's position on the matter by the close of business. [Filing No. 37-4 at 1.] On August 30, 2017, Hostess advised the Court that Ms. Dearman's counsel had telephonically agreed that Ms. Dearman would produce her phone records and cell phone for inspection, but that Ms. Dearman had otherwise failed to respond to Hostess' August 7, 2017 letter. [Filing No. 27 at 2-3.]

On September 7, 2017, the Magistrate Judge held a discovery conference and ordered Ms. Dearman to serve supplemental discovery responses by September 14, 2017. [Filing No. 32.] Ms. Dearman served supplemental discovery responses on Hostess on September 14, 2017; however, her responses did not address the production of her phone records and cell phone. [Filing No. 37-5.]

**B.     Documents Referenced During Ms. Dearman's Deposition**

On September 27, 2017, following Ms. Dearman's deposition taken a few days prior, Hostess sent an email to Ms. Dearman's counsel regarding several documents that Ms. Dearman allegedly referenced during her deposition, but had not produced to Hostess up to that point in discovery. In its email to Ms. Dearman's counsel, Hostess requested "updated interrogatory responses that include the additional healthcare providers Ms. Dearman identified in her deposition," along with "a copy of the email with Bill Hagen that Ms. Dearman testified to having related to a request for vacation on July 9, 2016 as soon as possible." [Filing No. 37-6 at 2.] In addition, Hostess stated that, "[g]iven her testimony regarding the document requests generally, please confirm that Ms. Dearman has actually made a real effort to search for and has provided all responsive documents in her possession, custody or control that are called for by Defendant's document requests at your earliest convenience." [Filing No. 37-6 at 2.]

On November 2, 2017, Hostess sent a follow up email to Ms. Dearman's counsel, stating that it had not received a response to its September 27, 2017 email and reiterating Hostess' request for the documents identified in the September 27, 2017 email. [Filing No. 37-6 at 1.]

On November 21, 2017, Hostess filed a Motion to Compel, arguing that Ms. Dearman had not: (1) "provided supplemental responses to Interrogatory No. 4 and the accompanying medical authorization forms," (2) "produced her phone records," and (3) "searched for and/or produced the emails and other documents referenced" by Hostess in the September 27, 2017 email. [Filing No. 37 at 4.] Ms. Dearman opposed the Motion to Compel. [Filing No. 42.]

On December 22, 2017, the Magistrate Judge found that Ms. Dearman had not "demonstrated her full compliance with discovery obligations" and ordered her to "conduct additional searches for responsive documents and provide them" to Hostess. [Filing No. 45 at 1-

2.] The Magistrate Judge awarded Hostess $750.00 in attorneys' fees for bringing the motion to compel. [Filing No. 45 at 10.]

On January 5, 2018, Ms. Dearman's counsel emailed Hostess and stated that Ms. Dearman had "conducted a diligent search and has produced all documents" responsive to Hostess' request for "Documents related to Employment by Hostess," "Social Media Documents," and "Documents Related to Unemployment/DOL," and would imminently produce "Tax Returns/Payroll records." [Filing No. 47-2 at 1.] With regard to "Cell Phone Records," Ms. Dearman's counsel responded:

> This is the puzzling one for me. AT&T, also my cell phone carrier, only goes back sixteen months. But what is concerning is what this is supposed to show. My bill shows the numbers used, and for each number, data used, number of texts sent, and minutes used. Then a breakdown of the (outrageous) expenses. I don't understand what it is your client thinks these bills will prove...?

[Filing No. 47-2 at 1.]

On January 11, 2018, Hostess filed Motion for the entry of an Order to Show Cause alleging that Ms. Dearman violated the Magistrate Judge's December 22, 2017 Order and made "other related discovery abuses." [Filing No. 47.] Hostess supplemented their Motion a few days later, informing the Court that Ms. Dearman had failed to appear at a deposition on January 17, 2018. [Filing No. 48 at 2.]

Ms. Dearman opposed Hostess' Motion, arguing that she had "provided all that she has access to." [Filing No. 50 at 1.] Ms. Dearman submitted two affidavits along with her brief. The first affidavit detailed her responses to document requests, stating that she had conducted a search for documents and emails, but did not have access to her Hostess email account or LinkedIn account, did not have possession of certain tax documents and did not presently have a working phone due to household expenses. [Filing No. 50-1.] The second affidavit addressed her failure

to appear at the January deposition, stating that she was not able to procure transportation to travel to the deposition.  [Filing No. 50-2.]

Following an April 9, 2018 hearing on the matter before the Magistrate Judge, [Filing No. 57], Hostess filed a Motion to Dismiss, which is now pending before this Court, [Filing No. 58].

## II.
### DISCUSSION

In support of its Motion to Dismiss, Hostess argues that Ms. Dearman's "repeated failures to meet her discovery obligations and to comply with the Court's Orders all mandate a dismissal by this Court on the merits," because they reflect "a lack of good faith" and "a willful disobedience to this Court's directives."  [Filing No. 58 at 11.]  Hostess argues that the Court should dismiss Ms. Dearman's claims pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.  [Filing No. 58 at 11.]  Hostess points to the "long and continued pattern" of Ms. Dearman's failure to comply with the Court's orders, which it argues has "impeded the progress of this case and unnecessarily consumed the time and resources of this Court."  [Filing No. 58 at 11.]  Hostess further argues that "[t]he missing documents are not ones that are only tangentially related to this case," but rather, the documents "are vital to this case," because they are either "directly probative" to disproving Ms. Dearman's claims against Hostess or because they establish Ms. Dearman's failure to mitigate damages.  [Filing No. 58 at 12.]  Hostess states that Ms. Dearman has made no effort since the April 2018 hearing before the Magistrate Judge to comply with the Court's previous discovery orders in this matter.  [Filing No. 58 at 13.]  Hostess further contends that it has been prejudiced by Ms. Dearman's conduct, that no good cause exists to excuse her failure to comply with Court orders, and that lesser sanctions are not appropriate.  [Filing No. 58 at 12-14.]

In response, Ms. Dearman alleges that Hostess "is burying [her] in paper to cover over that it fired her while she was on FMLA leave."  [Filing No. 61 at 1.]  Ms. Dearman further alleges that

she "has submitted what she has," and "has made multiple attempts to comply." [Filing No. 61 at 1.] She points to her previously-filed affidavit as evidence of her attempts to comply with Hostess' discovery requests. [Filing No. 61 at 2.] With regard to her phone records, Ms. Dearman alleges that "the phone at issue was not in her name, but rather that of her long-term boyfriend, Craig Hopson" who "is not a party to this proceeding." [Filing No. 61 at 2.] In addition, Ms. Dearman argues that she "has a viable claim," and that it "is proper for this Court to resolve it on the merits." [Filing No. 61 at 3.] Ms. Dearman acknowledges that under applicable law, dismissal "would potentially be an option," but that it would be "harsh, and just plain inappropriate" because, despite making "some regrettable errors and omissions," she has "taken responding to discovery seriously, put a lot of time into responding, [and] met with counsel multiple times." [Filing No. 61 at 4.]

In its reply brief, Hostess states that Ms. Dearman "does not dispute the accuracy of the facts recounted by Hostess and concedes that Hostess correctly has set forth the applicable law relating to sanctions and dismissal under Rules 37 and 41 of the Federal Rules of Civil Procedure." [Filing No. 62 at 1.] With regard to Ms. Dearman's phone records, Hostess argues that Ms. Dearman "strung out the process for so long that the phone records are no longer available from AT&T." [Filing No. 62 at 3-4.] With regard to documents and emails relating to Hostess, Hostess employees, FMLA Leave, and Ms. Dearman's post-Hostess job search, Hostess argues that Ms. Dearman testified in her deposition that she has many such documents "at home." [Filing No. 62 at 4 (citing Filing No. 37-1 at 165-68).] In addition, Hostess argues that Ms. Dearman eventually produced several responsive documents in February 2018 after having stated in January 2018 that she had no such documents, without providing Hostess with any explanation as to the discrepancy. [Filing No. 62 at 5.] Similarly, Hostess argues that Amazon's subpoena response produced many documents to which Ms. Dearman has access and should have produced. [Filing No. 62 at 6.]

Hostess contends that Ms. Dearman has demonstrated a "pattern of failure to comply with obligations and Court Orders that warrants dismissal." [Filing No. 62 at 8.]

The Federal Rules of Civil Procedure permit the sanction of dismissal for failure to comply with court orders. Rule 37(b)(2) provides that the Court may issue a variety of sanctions for failure to "obey an order to provide or permit discovery," including "dismissing the action or proceeding in whole." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) explains that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b).

Pursuant to Rule 37, a "district court may dismiss a case as a sanction for discovery abuse upon finding that the plaintiff, through its actions, displayed willfulness, bad faith, or fault." *In re Pansier*, 417 F. App'x 565, 569 (7th Cir. 2011) (citing *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)). Dismissal under Rule 41(b) is a "stricter standard" that "requires a pattern of contumacious conduct and a showing of prejudice to the opposing party in order to justify dismissal for failure to prosecute or for noncompliance with court orders." *Pansier*, 417 F. App'x at 569. Dismissal "is a harsh sanction," and the Seventh Circuit has held that "a district judge in considering dismissal must be guided by the norm of proportionality." *Oliva v. Trans Union, LLC*, 123 F. App'x 725, 727 (7th Cir. 2005) (quotation omitted). But "as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with a swift decision." *Id.* While the Court should "consider less severe sanctions before dismissing for failure to prosecute," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (collecting cases); *see also Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) ("Were district courts required to warn litigants before dismissing a case, we would in effect be granting each litigant one

opportunity to disregard the court's schedule without fear of penalty regardless of the harm done to other litigants. Such a rule would impermissibly burden the district courts in their efforts to manage their dockets.").

The record in this case demonstrates a long pattern of Ms. Dearman's willful failure to comply with the Court's orders. Hostess has produced evidence that Ms. Dearman submitted tardy and insufficient responses to discovery in summer 2017, referred to documents that she had not and has not produced during her deposition in September 2017, failed to comply with the Court's December 22, 2017 Order, and failed to appear at a scheduled deposition in January 2018. Ms. Dearman was put on notice by Hostess' January 11, 2018 Motion to Compel that Hostess would seek dismissal as a sanction for failure to prosecute and to comply with Court orders. [Filing No. 47 at 9.] Yet Ms. Dearman has done nothing since the April 2018 hearing before the Magistrate Judge to correct such deficiencies.

Moreover, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Put simply, Ms. Dearman is not at liberty to litigate her case at a time or in a manner of her choosing. She is bound to follow timelines and orders set forth by the Court just like any other litigant. *See 3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 383 (7th Cir. 2010) (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (stating that even *pro se* litigants "are not entitled to a general dispensation from the rules of procedure or court imposed deadlines")).

In addition, Ms. Dearman's response brief is not the proper vehicle by which to raise her contentions that Hostess' discovery requests are overbroad or burdensome. Such arguments should have been made via an objection to Hostess' discovery requests, *see Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, 2014 WL 4680900, at *2 (S.D. Ind. Sept. 22, 2014) ("When a party raises objections to discovery requests, the objecting party bears the burden of proving that a discovery request is improper"), and raised in response to Hostess' November 21, 2017 Motion to Compel, [Filing No. 37]. Although Ms. Dearman opposed the Motion to Compel, she did not make any arguments regarding relevancy or overbreadth. [Filing No. 42.] Thereafter, the Court ordered her "to access her AT&T cell phone records on-line and to print all available call records for the period January to July, 2016." [Filing No. 45 at 9.] Here again, Ms. Dearman could have memorialized any objections to Hostess' discovery requests via an objection to the Magistrate Judge's order pursuant to Rule 72 of the Federal Rules of Civil Procedure, yet, she failed to do so. Having failed to properly raise her objections to Hostess' discovery requests, and then having failed to comply with the Court's December 22, 2018 Order, Ms. Dearman cannot now contest Hostess' Motion on the grounds that Hostess has made inappropriately "immense" discovery requests. [Filing No. 61 at 1.] Regardless of whether Ms. Dearman agreed with the Court's December 22, 2018 Order, she was bound to comply with it, and it is undisputed that she failed to do so.

It also bears note that Ms. Dearman's response brief does so little to refute her non-compliance with the Court's December 22, 2017 Order that it essentially constitutes an admission thereof. [Filing No. 61 at 4 (referencing "regrettable errors and omissions").] Moreover, allegations regarding the relative financial positions of the parties and an allegation that Hostess "is burying" her in paper come very close to constituting the sort of *ad hominem* attacks on opposing counsel that this Court has previously stated detract from, rather than enhance, the merits

of legal argument. Such allegations, along with Ms. Dearman's repeated arguments regarding the simplicity of her case, do nothing to address her failure to comply with the Court's discovery orders, most notably the Court's December 22, 2017 Order.

Under these circumstances, a sanction short of dismissal would not suffice because, as shown by the record in this matter, neither the Court's orders nor the parties' motions resulted in Ms. Dearman's full participation in discovery. More strikingly, attorneys' fees imposed upon Ms. Dearman in December 2017 failed to effectuate such participation. *Dukes v. Cox*, 657 F. App'x 596, 598 (7th Cir. 2016) (upholding dismissal with prejudice where the district court pointed to plaintiff's repeated violations of discovery orders "despite having previously been penalized with costs when she refused to participate in her deposition"). As such, the Court has no reason to believe that any other sanction would trigger a different response. Therefore, the Court concludes that dismissal with prejudice is appropriate under Rule 37(b)(2)(A) and Rule 41(b).

### III.
#### CONCLUSION

Dismissal is a drastic sanction. But it is appropriate where, as here, the plaintiff fails to abide by the Court's orders and participate in the litigation. The Court therefore **GRANTS** Defendants' Motions to Dismiss, [58] and **DISMISSES** Ms. Dearman's Complaint **WITH PREJUDICE**.

Final judgment will issue accordingly.

Date: 7/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**